## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

IN RE:                                      CASE NO. 14-07269 EAG

ONIX ALBERTO CARABALLO VELEZ,               CHAPTER 13

          DEBTOR.                           FILED & ENTERED ON 07/15/2015

_____

### OPINION AND ORDER

Onix Caraballo – while married to Rosa Martinez – purchased with Mrs. Martinez a home in Yauco, Puerto Rico.  In 2007, Mr. Caraballo moved out of the Yauco home.  But his wife and their adult son still live there.

On July 22, 2014, Mr. Caraballo and Mrs. Martinez signed before a notary public a homestead deed to bring the Yauco home under the protection of the Puerto Rico Homestead Protection Act of 2011.  P.R. Laws Ann. tit. 31, § 1858.  (Dkt. no. 22 at pp. 14-18.)  The homestead deed was presented to the Registry of Property for recording on July 23, 2014. (Dkt. no. 22 at p. 19.)  On September 2, 2014, Mr. Caraballo filed, without his wife, a petition for relief under chapter 13 of the Bankruptcy Code.[1]  (Dkt. no. 1 at pp. 1-3.)

The Yauco home was listed in schedule A, with a value of $84,000, as property of the bankruptcy estate.  (Dkt. No. 1 at p. 8.)  Property of the estate, under section 541(a)(2), includes the interests of both Mr. Caraballo and his non-filing spouse in their community property.  11 U.S.C. § 541(a)(2). Mr. Caraballo claimed, in schedule C, the entire value of the

---

[1]/Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended.  All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure.  All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico.  And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

Yauco home exempt under section 522(b)(3) and the Puerto Rico Homestead Act.  (Dkt. no. 1 at p. 13.)

The chapter 13 trustee objected to the homestead exemption.  (Dkt. no. 11.)  Because Mr. Caraballo did not oppose timely the objection, it was granted as unopposed.  (Dkt. no. 14.)  Two days later Mr. Caraballo moved to set aside the order granting the objection as unopposed. (Dkt. no. 15).  The trustee opposed reconsideration, and this contested matter was set for a hearing.  (Dkt. nos. 22 & 25.)

At the hearing the trustee asked the court to go to the merits of his objection to the homestead exemption as if it had not been granted as unopposed.  (Dkt. no. 30.)  He also narrowed the objection to one issue.  The court acceded to the trustee's requests and took the matter under advisement.

The trustee's lone argument is now that because Mr. Caraballo does not use the Yauco home as a residence, representations to the contrary in the homestead deed render the deed invalid for the purpose of claiming an exemption under the Puerto Rico Homestead Act.[2]  If the court finds the homestead deed is invalid, then there would be no compliance with article 9

---

[2]/The provision in the homestead deed, which is the focus of the trustee's objection, reads as follows:

> It is the interest and intention of the petitioners to possess, enjoy and designate as their homestead the described property in which it is located their family residence, which they have destined and destine for their residential use, manifesting that they have not designated as such any other property in or outside of Puerto Rico. As such, the Registrar of the Property Registry shall take notice of such manifestations in the body of the inscription, annotating that such property has been designated as homestead by its proprietors, which will serve as public notice for all pertinent legal effects.

(Translation by trustee, Dkt. no. 11 at pp. 2-3 n.2.)

of the Homestead Act.  P.R. Laws Ann. tit. 31, § 1858f; cf, In re Hernandez, 487 B.R. 353, 368 (Bankr. D.P.R. 2013) ("If the real property is registered, he/she must show prepetition compliance with Article 9 of the 2011 PR Home Protection Act . . . to properly claim[ ] a homestead exemption in bankruptcy proceedings.").

To reach the trustee's lone remaining argument, the court finds it necessary to address first one of his abandoned arguments: that the homestead exemption must be disallowed because Mr. Caraballo does not himself use the Yauco home as a residence.

Section 522(b)(3), which allows Mr. Caraballo to claim exemptions under Puerto Rico law, does not require that he use the Yauco property as a residence, unlike sections 522(b)(2) and (d)(1) do for debtors opting to claim the federal bankruptcy exemption on a homestead. Similarly, the Puerto Rico Homestead Act does not require that Mr. Caraballo use as a residence the Yauco property for it to be protected by the Act.  Eg. P.R. Laws Ann. tit. 31, § 1858 (protects property of individual which is "occupied by him/her or his/her family exclusively as a principal residence"); § 1858c (protection may continue, after one spouse abandons family, for benefit of spouse or children still occupying home); § 1858d (protection may also continue in case of temporary lease of home).  And, the Supreme Court of Puerto Rico, in Rivera Garcia v. Registradora de la Propiedad, found invalid a homestead deed because all of the owners of a home did not sign the deed: not because some of them resided elsewhere. 189 P.R. Dec. 628 (2013) (affirming Property Registrar's refusal to record homestead deed signed only by widow of property owned by her and heirs of her deceased husband); cf. P.R. Laws Ann. tit. 31, § 1858c (homestead protection may continue for surviving spouse so long as she continues to occupy the homestead).

Thus, the fact that Mr. Caraballo does not use the Yauco home as a residence is not enough – by itself – to disallow his homestead exemption.  The trustee acknowledged as much at the hearing by admitting that he would have no objection to the exemption had Mr. Caraballo stated in the deed that he was signing only to give his consent to put the Yauco home under the protection of the Puerto Rico Homestead Act.  See Rivera Garcia, 189 P.R. Dec. at 643.

Puerto Rico law determines whether a misrepresentation in the homestead deed invalidates it for purposes of the Puerto Rico Homestead Act.

The homestead deed, or declaration, in question is a public instrument.  P.R. Laws Ann. tit. 31, § 3271.  The formalities of public instruments are governed by the Puerto Rico Notarial Act of 1987.  P.R. Laws Ann. tit. 4, §§ 2001 et seq.; P.R. Laws Ann. tit. 31, § 3272 ("Instruments in which a notary public takes part shall be governed by the Notarial Law.").  Article 34 of the Notarial Act specifies which public instruments shall be null; article 35, which are voidable.  P.R. Laws Ann. tit. 4, §§ 2052 & 2053, respectively.  The homestead deed does not run afoul of any of the formality requirements of articles 34 and 35 of the Notarial Act.

The court does not consider the homestead deed or declaration a contract.[3]  It is, what is commonly called in Puerto Rico, a notarial act.  But the court finds it useful to see how the Civil Code provisions on contracts treats a misrepresentation similar to the one in this case.  Under article 1228 of the Civil Code of Puerto Rico, "[t]he statement of a false consideration in contracts shall render them void unless it be proven that they were based on another real

---

[3]/When a contract exists and its requisites, in general terms, are dictated by articles 1206 and 1213 of the Civil Code of Puerto Rico.  P.R. Laws Ann. tit. 31, §§ 3371 & 3391.

and licit one." P.R. Laws Ann. tit. 31, § 3433. Both owners of the Yauco home state in the homestead deed that it is covered by the homestead protection. The homestead deed describes with specificity the Yauco home. The homestead deed also correctly states that Mrs. Martinez resides in the Yauco home. And, both owners of the Yauco home signed the homestead deed as required by the Supreme Court of Puerto Rico in the <u>Rivera Garcia</u> decision. 189 P.R. Dec. at 643. Thus, even if the misrepresentation in the homestead deed, that Mr. Caraballo resides in the Yauco home, were considered to be a "false consideration" in a contract, there would be enough other "real and licit" considerations in the contract to not render it void because of the "statement of a false consideration." P.R. Laws Ann. tit. 31, § 3433.

The court finds that the homestead deed is valid under Puerto Rico law for the purpose of claiming an exemption under the Homestead Protection Act of 2011 and, thus, grants the motion for reconsideration of Onix Caraballo (at dkt. no. 15), sets aside the order granting unopposed motion (at dkt. no. 14), and denies the trustee's objection (at dkt. nos. 11 & 22) to the exemption of the Yauco home in schedule C (at dkt. no. 1).

SO ORDERED.

In Ponce, Puerto Rico, this 15th day of July, 2015.

Edward A. Godoy
U.S. Bankruptcy Judge

5